UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ALEXANDER P. MHLANGA, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:18-cv-0036 |
| | ) | CHIEF JUDGE CRENSHAW |
| JENNIFER HICKS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff, Alexander P. Mhlanga is a state prisoner incarcerated at the Davidson County Sheriff's Office in Nashville, Tennessee. Before the court is Plaintiff's application to proceed *in forma pauperis* (Doc. No. 3) and his Motion for Appointment of Counsel (Doc. No. 5). In addition, Plaintiff has filed a complaint for civil rights violations under 42 U.S.C. § 1983 against Defendant Tennessee Highway Patrol Trooper Jennifer Hicks, which is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). Because it appears from Plaintiff's submissions that he lacks sufficient financial resources from which to pay the full filing fee in advance, the application (Doc. No. 3) will be granted.

Nevertheless, under § 1915(b), Plaintiff remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides

prisoner-plaintiffs' the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff will be assessed the full $350 filing fee, to be paid as directed in the order accompanying this memorandum opinion.

## II. INITIAL REVIEW

Under the PLRA, the court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the court must dismiss the complaint, or any portion thereof that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations

omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**A. Factual Allegations**

Plaintiff alleges that on January 23, 2017, Defendant Hicks initiated a traffic stop and stopped Plaintiff. (Doc. No. 2 at Page ID# 28.) During the stop, Defendant Hicks advised Plaintiff that he was a habitual offender in violation of T.C.A. § 55-10-616 and that she was placing him under arrest and seizing his vehicle. (Id.) Plaintiff advised Defendant Hicks that on December 9, 2016, the Davidson County Court had removed his habitual offender status and restored his driving privileges. (Id. at Page ID# 29.) Defendant Hicks ignored Plaintiff and arrested him. (Id.) Defendant Hicks had Plaintiff sign two citations and a notice of property seizure. (Id.)

On January 27, 2017, Defendant Hicks issued another traffic citation to Plaintiff. In the citation, Defendant Hicks noted that she stopped Plaintiff while he was driving the vehicle which she had seized just days before. (Id.) Plaintiff alleges that he was not aware of this second citation until February 4, 2017, when he was leaving work and was arrested on a warrant from Robertson County based on the citation that Defendant Hicks had issued on January 27, 2017. (Id. at Page ID# 31.) Plaintiff was taken into custody and booked into the Davidson County Jail. (Id.) Plaintiff alleges that when he was being booked, a probation violation charge was added based on Defendants Hicks' two citations. (Id.)

Plaintiff alleges that he spent 34 days in the Davidson County Jail, afterwhich his probation violations were retired and he was transferred to Robertson County. (Id.) Plaintiff arrived at the Robertson County Jail on March 9, 2017, posted bond and was released. (Id.) On December 23, 2017, Plaintiff appeared in the Robertson County Court and advised the court and

3

his appointed counsel about what had transpired with Defendant Hicks. (Id.) Plaintiff alleges that both cases—the case stemming from the January 23, 2017 citation and the case stemming from the January 27, 2017 citation were dismissed. (Id. at Page ID# 32.)

Plaintiff alleges that Defendant Hicks violated his rights under the Fourth Amendment. As relief he seeks monetary damages.

### B.  Discussion

Plaintiff alleges that Defendant Hicks arrested him without cause and improperly issued a citation to him. Because of Defendant Hicks conduct, Plaintiff alleges that he was arrested, charged with violating his parole and held in custody for more than a month. Plaintiff alleges that the charges that were brought against him because of Defendant Hicks' conduct were dismissed.

Section 1983 creates a private right of action "against officials who, under the color of state law, deprive individuals of their constitutional rights." Brown v. Chapman, 814 F.3d 447, 457 (6th Cir. 2016) (citing 42 U.S.C. § 1983). A person who has been the victim of "an unlawful arrest or wrongful seizure under the color of law has a claim based on the Fourth Amendment guarantee that government officials may not subject citizens" to unreasonable searches and seizures. Brooks v. Rothe, 577 F.3d 701, 706 (6th Cir. 2009) (citing U.S. Const. amend. IV; Gardenhire v. Schubert, 205 F.3d 303, 312–13 (6th Cir. 2000)).

At this juncture, Plaintiff's allegations are sufficient to warrant service of the complaint against Defendant Hicks.

### III.  MOTION TO APPOINT COUNSEL

Plaintiff has requested a court-appointed attorney. Indigent parties in civil cases have no constitutional right to a court-appointed attorney. Abdur-Rahman v. Mich. Dep't of Corr., 65 F.3d 489, 492 (6th Cir. 1995); Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993). The

Court may, however, request an attorney to serve as counsel, in the Court's discretion. <u>Abdur-Rahman</u>, 65 F.3d at 492; <u>Lavado</u>, 992 F.2d at 604-05; <u>see</u> <u>Mallard v. U.S. Dist. Court</u>, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. <u>See</u> <u>Lavado</u>, 992 F.2d at 606. The Court has carefully considered these factors and determines that, at this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's case. Plaintiff's request for appointment of counsel will be denied without prejudice to Plaintiff's ability to request appointed counsel, if necessary, in the future.

## VI. CONCLUSION

For the reasons set forth herein, Plaintiff' has sufficiently stated a Fourth Amendment claim against Defendant Hicks. As such, this action shall be referred to the Magistrate Judge for further proceedings as described in the accompanying order. An appropriate order is filed herewith.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE