UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALEXANDER MHLANGA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:18-cv-00036 |
| | ) |
| JENNIFER HICKS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This is a *pro se* prisoner action under 42 U.S.C. § 1983 against Tennessee Highway Patrol ("THP") Trooper Jennifer Hicks arising out of Plaintiff's arrest and Hicks' subsequent submission of a citation. Before the Court is a Report and Recommendation ("R&R") in which the Magistrate Judge recommends that Defendant's motion for summary judgment (Doc. No. 37) be granted and this case be dismissed. Plaintiff filed objections to the R&R (Doc. No. 72), to which Hicks has responded (Doc. No. 73). As required, the Court has considered the issues raised in the objections *de novo*.[1]

Plaintiff objects to the Magistrate Judge's conclusion that his Fourth Amendment unlawful arrest claims should be dismissed. On January 23, 2017, Hicks stopped Plaintiff's vehicle. She ran Plaintiffs' identification through the National Crime Information Center ("NCIC") and learned that he was driving on a revoked license and was designated a habitual offender, a class E felony under Tennessee law. (Doc. No. 55 at ¶ 3.) Hicks then confirmed this information with THP dispatch. Plaintiff admitted that his license was revoked, but claimed he was not a habitual

---

[1] The full factual background of this case is ably recited in detail in the R&R and is not repeated here. (Doc. No. 71 at 2-5.)

offender. (Id. at ¶¶ 4, 5; Doc. No. 52.) The Magistrate Judge concluded that Hicks was able to reasonably rely on the NCIC report and THP dispatch's confirmation for probable cause to arrest Plaintiff based on habitual offender status. Plaintiff objects to this conclusion on the ground that Hicks ignored his claim that he was not a habitual offender.

Plaintiff is incorrect. The validity of an arrest "does not depend on whether the suspect actually committed a crime." Michigan v. DeFillippo, 443 U.S. 31, 36 (1979). Rather, "a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." Goodwin v. City of Painesville, 781 F.3d 314, 333 (6th Cir. 2015) (quoting Devenpeck v. Alford, 543 U.S. 146, 152 (2004)). "NCIC reports are sufficient to support probable cause for arrest." Howard v. Fulcher, No. 3:13-cv-00550, 2014 WL 4851693, at *6 (M.D. Tenn. Sept. 29, 2014) (collecting cases). Further, "for the purposes of determining the civil liability of individual officers[,] . . . police [are] permitted to rely on information provided by [a] dispatcher." Feathers v. Aey, 319 F.3d 843, 851 (6th Cir. 2003); see also United States v. Hensley, 469 U.S. 221, 232 (1985) (holding that while a police stop based on an official bulletin issued in the absence of reasonable suspicion would violate the Fourth Amendment, "[i]n such a situation, of course, the officers making the stop may have a good-faith defense to any civil suit"). Accordingly, even if Plaintiff was not actually a habitual offender, Plaintiff "cannot prevail in a § 1983 suit because [Hicks] had a sufficient factual basis for thinking that she were acting consistently" with the law. Feathers, 319 F.3d at 851.

It is also undisputed that Plaintiff did not present any actual evidence to Hicks to establish that he was *not* a habitual offender. (Doc. Nos. 52; 55 at ¶ 3.) With evidence of Plaintiff's habitual offender status in hand, Hicks was under no obligation to give "any credence" to Plaintiff's verbal

2

story that he was not a habitual offender. Klein v. Long, 275 F.3d 544, 552 (6th Cir. 2001) (quoting Ahlers v. Schebil, 188 F.3d 365, 371 (6th Cir. 1999)); Manley v. Paramount's Kings Island, 299 F. App'x 524, 528-29 (6th Cir. 2008). Indeed, "once a police officer has sufficient probable cause to arrest, he need not investigate further." United States v. Harness, 453 F.3d 752, 755 (6th Cir. 2006); see also Dodd v. Simmons, 655 F. App'x 322, 327 (6th Cir. 2016) ([A] police office has no duty to search for exculpatory facts if the facts within the officer's knowledge establish probable cause."). The Court concludes, as the Magistrate Judge did, that a reasonable officer could have relied on the NCIC and dispatcher reports to establish probable cause to arrest Plaintiff based on his habitual offender status. Because there was no constitutional violation, the Magistrate Judge properly concluded that Hicks is entitled to qualified immunity and cannot be held civilly liable for the January 23, 2017 arrest. See Feathers, 319 F.3d at 848; Howard, 2014 WL 4851693, at *8.

Plaintiff also objects to the recommended dismissal of any Fourth Amendment claim concerning Hicks' submission of the citation on January 27, 2017, four days after the arrest. Plaintiff's objection is difficult to understand, but, at bottom, he appears to argue that there is insufficient evidence supporting the late submission of the citation for driving with a revoked license, thereby making it a "false citation." Any such argument is without merit. The undisputed record establishes the following. On January 23, 2017, Plaintiff was advised that he was "under arrest for driving under a revoked license." (Doc. No. 55 at ¶ 9.) Hicks submitted the citation four days later because "she had forgotten to do so on the date of the stop." (Id. at ¶ 10.) "Hicks explained to the Commissioner that she forgot to include the driving on a revoked license citation with the others on January 23, 2017," (id. at ¶ 11), and she then handed the executed citation to the deputy on duty at the Robertson County Jail so that it could be issued to Plaintiff, (id. at ¶ 13). Plaintiff bonded out of jail on the January 23, 2017 arrest on January 24, 2017, (id. at ¶ 17), but

3

was arrested in Davidson County on February 4, 2017, (id. at ¶ 20). The paperwork for that arrest shows that it stemmed from Case No. GS793123 (vehicle registration violation of November 26, 2016 in Davidson County); Case No. GS793122 (driving while a habitual offender violation of November 26, 2016 in Davidson County); parole violation of 2012-134209 (driving while under the influence – 4th offense or more violation related to offense committed on January 14, 2012 in Davidson County); and parole violation of 2014-A-77 (driving while a habitual offender violation related to offense committed on September 2, 2013 in Davidson County). (Id. at ¶ 20.) On March 8, 2017, Plaintiff was presented with the citation dated January 27, 2017 that Hicks submitted for driving on a revoked license. (Id. at ¶ 22.)

Based upon this record, the Magistrate Judge concluded that Plaintiff failed to show that Hicks committed any constitutional violation by submitting the citation for driving on a revoked license after four days. The Court agrees. Plaintiff concedes that he was driving while revoked, providing probable cause, and was advised that he was being arrested for that reason. In Tennessee, with limited exceptions, all prosecutions for misdemeanors must be commenced within 12 months after the offense has been committed, except gaming, which shall be commenced within six (6) months. Tenn. Code. Ann. § 40-2-102. Plaintiff has *not* disputed Hicks' explanation for four-day delay in submitting the citation or the discussion with the Commissioner who approved it based upon that explanation. Further, Plaintiff has advanced no evidence to suggest that his February 4, 2017 arrest was based upon the January 27, 2017 citation.[2] Plaintiff's claim based on a "false citation" is properly dismissed.

In the R&R, the Magistrate Judge noted that Plaintiff had made some mention in this case of Eighth Amendment and Fourteenth Amendment claims, but that he never amended the

---

[2] The charge based on the January 27, 2017 citation was dismissed. (Doc. No 55 at ¶ 23.)

4

Complaint to include these claims. As a result, the Magistrate Judge concluded that there are no proper allegations to support these "insufficiently developed" claims, and they should be dismissed. The Court concurs.[3] However, the Court notes that, in his objections, Plaintiff touches on a few of these subjects (e.g., handcuffs being too tight, being kept sitting in the cold, being denied medication, being given wrong food, being prevented from calling home) in a cursory fashion. To the extent that these claims concern Plaintiff's conditions of confinement at the Robertson County Jail, they do not involve Hicks. To the extent they might concern Hicks, the allegations are far too cursory and vague to rise to raise a question of material fact about excessive force. See, e.g., Miller v. Sanilac Cty., 606 F.3d 240, 252 (6th Cir. 2010) ("In order for a handcuffing claim to survive summary judgment, a plaintiff must offer sufficient evidence to create a genuine issue of material fact that: (1) he or she complained that the handcuffs were too tight; (2) the officer ignored those complaints; and (3) the plaintiff experienced "some physical injury" resulting from the handcuffing."). Even if these claims were properly pled, Plaintiff has not advanced evidence necessary to survive summary judgment.

For these reasons, Plaintiffs' objections (Doc. No. 72) will be overruled and the Report and Recommendation (Doc. No. 71) will be approved and adopted.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff also mentions several process complaints in his objections (e.g., complaints about access to legal resources, lack of counsel, and discovery). These are not addressed in the Magistrate Judge's recommendations and are not relevant to the motion for summary judgment. Plaintiff raises many of the issues that faces parties in any litigation. The Magistrate Judge has ably managed this litigation, including considering multiple motions for the appointment of counsel.